[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-16164
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cr-14010-KMM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSE PACHECO-TZUL,
a.k.a. Jose Teodoro Pacheco-Tzul,
a.k.a. Jose Pacheco,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 14, 2012)

Before BARKETT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Jose Pacheco-Tzul, a native of Guatemala, pleaded guilty to reentering the

United States after having been deported, in violation of 8 U.S.C. § 1326(a) and (b)(2), and was sentenced to 57 months' imprisonment. He appeals that sentence, contending the district court incorrectly calculated his sentencing guidelines range based on an erroneous conclusion that he had previously been convicted of a crime of violence. Because we find that he has waived any challenge to the alternative basis the district court gave for his sentence, however, any error in that calculation is necessarily harmless, and we accordingly affirm.

In 2007, Pacheco-Tzul was convicted in Florida state court of child abuse under Florida Statute § 827.03. He was deported in May of 2010. But in January 2011, he was once again arrested in Florida and charged with illegally reentering the United States following his 2010 deportation. Pacheco-Tzul pleaded guilty to that charge.

The Probation Office included within its recommended sentencing guidelines calculation a 16-level enhancement for Pacheco-Tzul's prior Florida child abuse conviction as a "crime of violence" within the meaning of U.S.S.G. § 2L1.2(b)(1)(A). Pacheco-Tzul objected to the enhancement and the factual assertions upon which it was based. But, at his sentencing hearing, the district court overruled Pacheco-Tzul's objection, finding that there was an adequate factual basis in the records of Pacheco-Tzul's state proceedings to conclude that

2

his child abuse conviction was indeed a crime of violence. The district court went on to state that, "in the alternative," even if the conviction "did not constitute a crime of violence, then for the record I would say that this Court would vary upward" to the same 57-month sentence the court actually imposed. And the court discussed the sentencing factors under 18 U.S.C. § 3553 that supported such a variance.

We have held that, when a district court indicates that it would impose the same sentence even if it is ultimately proved wrong on a disputed guidelines issue, we need not decide the guidelines issue if the sentence is otherwise reasonable. *United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006) ("[I]t is [neither] necessary to decide guidelines issues or remand cases for new sentence proceedings [based on a] guidelines error" if the district court reasonably ruled that "it would have imposed the same sentence, using its § 3553(a) authority, even without the [guidelines] enhancement." (internal quotation marks omitted)). That is so because, if the district court reasonably decides that a sentence is appropriate based upon the § 3553 factors regardless of the guideline range, any error in calculating the guidelines range would be harmless. *United States v. Lozano*, 490 F.3d 1317, 1324-25 (11th Cir. 2007).

On appeal, Pacheco-Tzul contends that Florida Statute § 827.03 proscribes

3

both conduct that would qualify as a crime of violence and conduct that would not, and that the records the district court was entitled to rely upon do not definitively establish that his child abuse conviction was in the former category. His brief on appeal is devoted exclusively to arguing that, as a result, the district court's guidelines calculation was erroneous. At no point does he address the district court's alternative ruling that a 57-month sentence was reasonable in light of the sentencing factors even if its guidelines calculation was incorrect.

Because he has not challenged the reasonableness of his sentence even assuming that the calculation was wrong, Pacheco-Tzul has abandoned any argument he may have had that the alleged guidelines error was not harmless. *United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (reiterating that an argument not discussed in an initial brief is abandoned). As a result, we need not reach whether adequate evidence supported application of the 16-level crime-of-violence enhancement for Pacheco-Tzul's child abuse conviction. *See Lozano*, 490 F.3d at 1324 ("Our review is 'deferential' to the district court, and it is the *defendants' burden to establish that their sentences are unreasonable* in light of the record and the section 3553(a) factors." (emphasis added)).

**AFFIRMED**.